UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| BILLY WAYNE LOCKE, | ) |
|     *Petitioner*, | ) Case Nos. 1:19-cv-376; 1:11-cr-41 |
| v. | ) Judge Travis R. McDonough |
| UNITED STATES OF AMERICA, | ) Magistrate Judge Susan K. Lee |
|     *Respondent*. | ) |

**MEMORANDUM OPINION**

Before the Court is Petitioner's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (Docs. 196, 199 in Case No. 1:11-cr-41; Doc. 1 in Case No. 1:19-cv-376). In his motion, Petitioner argues that he received ineffective assistance of counsel at his resentencing hearing on February 9, 2018. (*See generally* Docs. 196, 199 in Case No. 1:11-cr-41; Doc. 1 in Case No. 1:19-cv-376.)[1] The Court previously determined that Petitioner's motion was timely but denied the motion in part with regard to his arguments that his resentencing counsel was ineffective for failing to object to his criminal-history category, failing to raise double-jeopardy concerns, failing to object in light of the statutory maximum, and failing to object to prosecutorial misconduct. (Doc. 16, at 4–5, 7–8, 15–19, in Case No. 1:19-cv-376.) The only issue remaining is whether his counsel was ineffective for failing to object to his offense-level calculation under U.S.S.G. § 2K2.1. (*See id.* at 14–15.)

---

[1] For convenience and ease of understanding, the Court will cite Petitioner's § 2255 motion as it appears in Case No. 1:19-cv-376, although the Court acknowledges that the motion was also filed twice in the docket for Case No. 1:11-cr-41.

I.     BACKGROUND

On January 22, 2013, a jury convicted Petitioner of unlawful possession of a firearm or ammunition by a convicted felon, in violation of 18 U.S.C. § 922(g). (Doc. 105 in Case No. 1:11-cr-41.) The Court subsequently sentenced Petitioner to 235 months' imprisonment, followed by three years of supervised release, finding that he qualified for an enhanced sentence under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e). (Doc. 115, at 1–3, in Case No. 1:11-cr-41.) Petitioner appealed the Court's judgment (Doc. 114), which the United States Court of Appeals for the Sixth Circuit affirmed (Doc. 126 in Case No. 1:11-cr-41). While the appeal was pending, Petitioner filed a pro se motion asking the Court to correct his sentence in light of the Supreme Court's decision in *Alleyne v. United States*, 570 U.S. 99 (2013), (Doc. 119 in Case No. 1:11-cr-41) and a motion to vacate, set aside, or correct his original sentence pursuant to 28 U.S.C. § 2255, asserting a lack of jurisdiction, violation of his Fourth Amendment rights, and ineffective assistance of counsel (Doc. 128 in Case No. 1:11-cr-41). Later, the Federal Defender Services of Eastern Tennessee filed a supplement to Petitioner's § 2255 motion, arguing that Petitioner no long qualified as an armed career criminal following the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015) (Doc. 151 in Case No. 1:11-cr-41). The Court granted Petitioner's § 2255 motion in light of *Johnson* and the Sixth Circuit's subsequent decision in *United States v. Stitt*, 860 F.3d 854 (6th Cir. 2017), and vacated Petitioner's original sentence. (*See* Doc. 165 in Case No. 1:11-cr-41.)

On February 9, 2018, the Court resentenced Petitioner to 118 months' imprisonment, followed by three years of supervised release. (Doc. 175, at 1–3, in Case No. 1:11-cr-41.) Without the ACCA enhancement, the Court calculated Petitioner's guidelines range as 100 to 120 months based on an offense level of 24, a criminal history category of VI, and a statutory

maximum of 120 months' imprisonment.  (*See* Doc. 176, at 1, in Case No. 1:11-cr-41; Doc. 182, at 4–5, in Case No. 1:11-cr-41.)  Petitioner's offense level was calculated pursuant to § 2K2.1 of the sentencing guidelines (*see* Doc. 168, at 4, in Case No. 1:11-cr-41), which provides that the base offense level is 24 "if the defendant committed any part of the instant offense subsequent to sustaining at least two felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. § 2K2.1(a)(2).  In Petitioner's case, the Court relied on his 2002 conviction for Tennessee Aggravated Assault and his 2005 conviction for possession of marijuana for resale in calculating his offense.  (*See* Doc. 168, at 4, 8, in Case No. 1:11-cr-41.)  Petitioner appealed his resentencing judgment (Doc. 177 in Case No. 1:11-cr-41), which the court of appeals again affirmed (Doc. 183 in Case No. 1:11-cr-41).

On May 29, 2019, Petitioner filed the instant motion to vacate, set aside, or correct his amended sentence pursuant to 28 U.S.C. § 2255 (Doc. 1 in Case No. 1:19-cv-376).  On September 16, 2019, Petitioner was release from the custody of the Bureau of Prisons in connection with the underlying offense.  *Find an Inmate*, BUREAU OF PRISONS, https://www.bop.gov/inmateloc/ (search by name).  Petitioner is now in the custody of the Tennessee Department of Correction and is currently being held at the Morgan County Correctional Complex.  *Felony Offender Information*, TENN. DEPT. CORR., https://apps.tn.gov/foil-app/search.jsp (search by name).

On September 23, 2020, the Court denied Petitioner's § 2255 motion in part and set an evidentiary hearing to determine whether Petitioner's 2002 Tennessee aggravated-assault conviction was for a version of the offense that qualifies as a "crime of violence" for the purposes of U.S.S.G. § 2K2.1.  (Doc. 16, at 19–20, in Case No. 1:19-cv-376).  No additional materials were presented at the evidentiary hearing.  (*See* Doc. 29 in Case No. 1:19-cv-376.)

## II. ANALYSIS

To collaterally attack his conviction based on ineffective assistance of counsel, Petitioner must establish "that [his] lawyers performed well below the norm of competence in the profession and that this failing prejudiced [his] case." *Caudill v. Conover*, 881 F.3d 454, 460 (6th Cir. 2018) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). The performance inquiry requires the defendant to "show that counsel's representation fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688. The prejudice inquiry requires the defendant to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. There is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. Therefore, the court should resist "the temptation to rely on hindsight . . . in the context of ineffective assistance claims." *Carson v. United States*, 3 F. App'x 321, 324 (6th Cir. 2001); *see also Strickland*, 466 U.S. at 689 ("A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time.").

Petitioner argues that his offense level should not have been calculated as 24 based on U.S.S.G. § 2K2.1(a)(2) because he does not have at least two felony convictions for crimes of violence or controlled substance offenses. (Doc. 1, at 2–3, in Case No. 1:19-cv-376.) As set forth in the Court's previous memorandum opinion, the base offense level for offenses concerning the unlawful receipt, possession, or transportation of firearms is 24 if, at the time he committed the instant offense, the defendant had two prior felony convictions for either a "crime of violence" or a "controlled substance offense." U.S.S.G. § 2K2.1(a)(2). If the defendant had

4

only one prior felony conviction for a crime of violence or controlled-substance offense at the time he committed the instant offense, his base offense level is 20. *Id.* § 2K2.1(a)(4)(A).

At his resentencing hearing, the Court calculated Petitioner's offense level as 24 based on his prior convictions for Tennessee aggravated assault and possession of marijuana for resale. (Doc. 168, at 4, 8, in Case No. 1:11-cr-41.) As the Court previously explained, Petitioner's conviction for possession of marijuana for resale qualifies as a controlled-substance offense for the purposes of § 2K2.1. (Doc. 16, at 10–11, in Case No. 1:19-cv-376.) However, his 2002 aggravated-assault conviction only qualifies as a "crime of violence" if he was convicted under Tennessee Code Annotated § 39-13-102(a), because the variants of the offense defined in subsections (b) and (c) do not qualify. *See Dunlap v. United States*, 784 F. App'x 379, 387 (6th Cir. 2019) (holding that "[t]he Tennessee aggravated assault statute is divisible" and that "[w]illfully or knowingly failing or refusing to protect a child or adult from an aggravated assault does not involve the attempted or threatened use of force as an element"); *Dillard v. United States*, 420 F. Supp. 3d 718, 733–34 (E.D. Tenn. 2019) (agreeing that the variants described in subdivisions (b) and (c) do not describe offenses that qualify as "violent felonies" for the purposes of the ACCA); (*see also* Doc. 16, at 14, in Case No. 1:19-cv-376 ("[T]he variants described in Tenn. Code Ann. §§ 39-13-102(b) and (c) fall outside of the generic definition, and aggravated assaults committed under subdivisions (b) and (c) do not qualify as "crimes of violence" under either the use-of-physical-force prong or the enumerated-offenses prong of U.S.S.G. § 4B1.2(a).").)

Because the statute is divisible and some variants qualify as crimes of violence while others do not, the Court applies the modified categorical approach to determine whether Petitioner was convicted of a qualifying variant of the offense. Under the modified categorical

5

approach, the Court may consult a "limited class of documents" to determine which alternative set of elements served as the basis for the conviction. *Descamps v. United States*, 570 U.S. 254, 257 (2013). The Court then looks at the specific offense of conviction to determine whether it falls within the guidelines' definition of a crime of violence or controlled substance offense. *See id.* In determining the variant of the offense underlying Petitioner's conviction, the Court may consider "the terms of the charging document, the terms of a plea agreement or transcript of colloquy between judge and defendant in which the factual basis for the plea was confirmed by the defendant, or to some comparable judicial record of this information." *Shepard v. United States*, 544 U.S. 13, 26 (2005). In the Sixth Circuit, the district court may also examine state-court judgments, since they fall within *Shepard*'s category of "some comparable judicial record." *United States v. Adkins*, 729 F.3d 559, 568 (6th Cir. 2013) (citing *United States v. Armstead*, 467 F.3d 943, 948 (6th Cir. 2006)). The purpose of the inquiry is only to reveal whether the plea was to a qualifying version of the offense, not to reveal the facts underlying the plea. *Descamps*, 570 U.S. at 262–63 (quoting *Shepard*, 544 U.S. at 26).

In this case, the judgment for Petitioner's aggravated-assault conviction does not specify the particular subsection under which he was convicted but does specify that the conviction is for a class C felony. (Doc. 131-1 in Case No. 1:11-cr-41.) However, pursuant to the 2002 statute, an aggravated assault under subdivisions (a)(1), (b), or (c) qualifies as a class C felony. Tenn. Code Ann. § 39-13-102(d)(1) (2002). Therefore, the judgment sheds no light on whether Petitioner was convicted of a qualifying variant of the offense or a non-qualifying one. No additional *Shepard* documents were presented to the Court at the evidentiary hearing. (*See* Doc. 29 in Case No. 1:19-cv-376.)

6

Because it is unclear from the documents in the record whether Petitioner was convicted under any specific prong of the statute, Petitioner's counsel should have objected to the use of this conviction to enhance his offense level. If Petitioner's counsel had objected, the Government would not have been able to meet its burden at resentencing to show that the enhancement applied.

## III. CONCLUSION

For these reasons, Petitioner's § 2255 motion (Docs. 196, 199 in Case No. 1:11-cr-41; Doc. 1 in Case No. 1:19-cv-376) is **GRANTED IN PART** with respect to his argument that his counsel was ineffective for failing to object to his offense-level calculation under U.S.S.G. § 2K2.1. If his resentencing counsel had objected to the use of his Tennessee aggravated-assault conviction under § 2K2.1, the Court would have calculated Petitioner's offense level as 21 rather than 24, and his guidelines range would have been 77 to 96 months rather than 100 to 125 months. Based on the Court's consideration of the new guidelines range and the 18 U.S.C. § 3553(a) factors, the Court **CORRECTS** Petitioner's sentence to **96 months** imprisonment followed by three years of supervised release. Although Petitioner has already been released from the Bureau of Prisons, the Court will issue an amended judgment reflecting this corrected sentence.

**AN APPROPRIATE JUDGMENT WILL ENTER.**

/s/*Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**